IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JUSTIN GONDA, #A1049736, | ) | CIV. NO. 17 00292 SOM RLP |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING AMENDED |
| | ) | COMPLAINT IN PART |
| vs. | ) | |
| | ) | |
| SCOTT RECARTE, et al., | ) | |
| | ) | |
| Defendants, | ) | |
| _____ | ) | |

## ORDER DISMISSING AMENDED COMPLAINT IN PART

Before the court is pro se Plaintiff Justin Gonda's
amended prisoner civil rights Complaint.  ECF No. 9.
Gonda claims that Oahu Community Correctional Center
("OCCC") officers Scott Recarte, Henry Moe, and John
Doe failed to protect him from an assault by other
inmates.  Gonda alleges that Sergeant Matthew Kuresa
failed to prevent his further injury when Gonda fell in
his cell after the assault, and OCCC physicians Mark
Pedri, D.O., and Richard Banner, M.D., failed to
provide adequate medical care for his injuries.  Gonda
asserts claims against Defendants in their individual
and official capacities and seeks damages pursuant to
42 U.S.C. § 1983 and state law.

The court has screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1), and finds that it states a plausible claim for relief for damages against Defendants Recarte, Moe, Doe, Kuresa, and Dr. Pedri. Gonda again fails to state a plausible claim against Dr. Banner, and claims against him are DISMISSED. After the Complaint is served, Defendants Recarte, Moe, Doe, Kuresa, and Pedri are required to respond.

## I. <u>SCREENING</u>

Because Gonda is a prisoner and is proceeding in forma pauperis, the court conducts a pre answer screening of his pleading pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The court must sua sponte dismiss a prisoner's complaint, or any portion of it, that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune from suit. *See Lopez v. Smith*, 203 F.3d 1122, 1126 27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the

targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (describing pre answer screening) ("*Nordstrom I*") (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires that a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(internal quotation marks omitted); *Wilhelm*, 680 F.3d
at 1121.

Detailed factual allegations are not required, but
"[t]hreadbare recitals of the elements of a cause of
action, supported by mere conclusory statements, do not
suffice." *Iqbal*, 556 U.S. at 678. "Determining
whether a complaint states a plausible claim for relief
[is] . . . a context specific task that requires the
reviewing court to draw on its judicial experience and
common sense." *Id.* The "mere possibility of
misconduct" or "unadorned, the defendant unlawfully
harmed me accusation[s]" fall short of meeting this
plausibility standard. *Id.*

Leave to amend should be granted if it appears the
plaintiff can correct the complaint's defects. *Lopez*,
203 F.3d at 1130. A court may dismiss a complaint or
claim without leave to amend, however, when "it is
clear that the complaint could not be saved by any
amendment." *Sylvia Landfield Trust v. City of L.A.*,
729 F.3d 1189, 1196 (9th Cir. 2013).

## II.  DISCUSSION

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 556 U.S. 1256 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

### A.  Official Capacity Claims

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007).  Official capacity defendants are subject to suit under § 1983 only "for prospective declaratory and injunctive relief . . . to enjoin an alleged ongoing violation of federal law." *Oyama v. Univ. of Haw.*, 2013 WL 1767710, at *7 (D. Haw. Apr. 23, 2013) (*quoting Wilbur v. Locke*, 423 F.3d 1101,

1111 (9th Cir. 2005), *abrogated on other grounds by Levin v. Commerce Energy Inc*., 560 U.S. 413 (2010)); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."); *Ex parte Young*, 209 U.S. 123 (1908).

Similarly, sovereign immunity bars awards for damages for past violations under Hawaii state law, unless the State has clearly relinquished its immunity. *See Bush v. Watson*, 918 P.2d 1130, 1137, 81 Haw. 474, 481 (1996); *Pele Def. Fund v. Paty*, 837 P.2d 1247, 1266, 73 Haw. 578, 609 10(1992); *cf. Sound v. Hawaii Dep't of Human Serv.*, 2013 WL 5021023, at *1 2 (Haw. App. 2013) (denying award of fees and recognizing the distinction between sovereign immunity on actions seeking prospective relief and those seeking retrospective relief).

Gonda seeks compensatory and punitive damages only and alleges no ongoing violations of state or federal law. Gonda's claims against Defendants named in their

official capacities are therefore DISMISSED with
prejudice.

**B.  Deliberate Indifference Claims Under § 1983 Against
    Defendants in Their Individual Capacities**

Because Gonda was a pretrial detainee when the
incidents at issue occurred, his claims arise under the
Fourteenth Amendment's Due Process Clause.  *See Bell v.
Wolfish*, 441 U.S. 520, 535 (1979); *Castro v. Cty. of
Los Angeles*, 833 F.3d 1060, 1067 68 (9th Cir. 2016),
*cert. denied*, 137 S. Ct. 831 (2017).

Until recently, all pretrial detainees' deliberate
indifference claims were nonetheless addressed under
the Eighth Amendment's two pronged standard, as the
*minimum* protection afforded under the Fourteenth
Amendment.  *See Lolli v. Cty. of Orange*, 351 F.3d 410,
419 (9th Cir. 2003) (stating that a pretrial detainee's
claim of deliberate indifference to a serious medical
need is analyzed under the Fourteenth Amendment Due
Process Clause rather than under the Eighth Amendment,
but the same standards apply); *Castro*, 833 F.3d at
1069.  The Eighth Amendment's standard requires a

showing that (1) the risk posed to the prisoner is objectively, sufficiently serious; and (2) the prison official subjectively "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1970) (citation omitted). "In other words, the official must demonstrate a subjective awareness of the risk of harm." *Castro*, 833 F.3d at 1068 (internal citation omitted).

Recently, the Supreme Court has rejected the Eighth Amendment test for reviewing pretrial detainees' excessive force claims, holding that the "appropriate standard" for such claims "is solely an objective one." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 74 (2015). Under *Kingsley*, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Id.* at 2473.

The Ninth Circuit has extended the *Kingsley* rationale to pretrial detainees' failure to protect claims, setting forth a "less stringent" standard that eliminates the need to prove a "subjective intent to

punish." *Castro*, 833 F.3d at 1067 68, 1071 & n.4.  A
pretrial detainee alleging a failure to protect claim
must show that:

> (1) The defendant made an intentional decision
>     with respect to the conditions under which
>     the plaintiff was confined;
>
> (2) Those conditions put plaintiff at
>     substantial risk of suffering serious
>     harm;
>
> (3) The defendant did not take reasonable
>     available measures to abate that risk,
>     even though a reasonable officer in the
>     circumstances would have appreciated the
>     high degree of risk involved    making the
>     consequences of the defendant's conduct
>     obvious; and
>
> (4) By not taking such measures, the defendant
>     caused the plaintiff's injuries.

*Id.* at 1071 & n.4.  The *Castro* test requires "more than
negligence but less than subjective intent    something
akin to reckless disregard."  *Id.*

### 1. *Counts I, II, III, IV: Recarte, Moe, and Doe*

Gonda alleges that he was attacked by other
prisoners in the OCCC recreation yard on April 26,
2017, while Recarte, Moe, and Doe were supervising the

recreation yard from the watch tower.[1]  *See* Compl., ECF
No. 9, PageID #38 41.  Gonda says he blacked out during
the attack, and that Recarte was standing behind him
when he woke up.  Recarte told Gonda to follow him to
the Medical Unit, but Gonda was unable to walk without
assistance and another guard helped transport him to
the Medical Unit.  Gonda asserts that the attack was
clearly visible to Recarte, Moe, and Doe from their
positions in the tower, although Recarte claims he saw
nothing.  Gonda alleges that Recarte, Moe, and Doe were
deliberately indifferent to his safety when they failed
to verbally or physically intervene or call for
assistance until the attack ended.

An allegation that a prison official saw a pretrial
detainee be assaulted but failed to intervene states a
plausible Fourteenth Amendment failure to protect
claim.  *See Castro*, 833 F.3d at 1071, n.4; *Lolli*, 351
F.3d at 418 (stating that an officer's failure to
intervene can support a Fourteenth Amendment claim if

_____

[1] Gonda's allegations of material facts are accepted as true
and construed in the light most favorable to him.  *Nordstrom I,*
762 F.3d at 908.

the officer had a realistic opportunity to intervene
but failed to do so); *Conyers v. Rodriguez*, 2017 WL
2839618, at *3 (S.D. Cal. July 3, 2017).  Counts I, II,
III, and IV shall be served on Recarte, Moe, and Doe,
who are required to file a response.

### 2.   *Count V: Claims Against Dr. Pedri*

Dr. Pedri treated Gonda the next day, April 27,
2017.[2]  *See* ECF No. 9, PageID #42.  Pedri ordered x
rays, determined that Gonda's left forearm was broken,
put his arm in a cast, and gave him a sling.  Gonda was
also informed that his left orbital tripod might be
broken; this was later verified and treated with
surgery by another doctor approximately one month
later, on June 6, 2017.  ECF No. 9, PageID #42.  Pedri
allegedly told Gonda that he would issue a "No Top
Bunk" memorandum to prevent further injuries, but Gonda
did not receive this memorandum, and it was apparently
not circulated to his housing unit.  Gonda alleges that

---

[2] Gonda was taken to the medical unit on the day of the
attack, but Dr. Pedri did not see him until the next day.

Dr. Pedri was therefore either negligent or deliberately indifferent to his medical needs.

It is unclear whether the objective test in *Kingsley* and *Castro* applies to *all* pretrial detainees' conditions of confinement claims. To date, only the Second Circuit has extended *Kingsley's* holding to encompass all pretrial detainee conditions of confinement claims. *See Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017) (interpreting *Kingsley* and *Castro* as "standing for the proposition that deliberate indifference for due process purposes should be measured by an objective standard").

The remaining circuits to address the issue have either held that the *Kingsley* objective test applies only to a pretrial detainee's excessive force claims,[3]

---

[3] *See Dang by & through Dang v. Sheriff, Seminole Cty., Fla.*, 856 F.3d 842, 850 n.1 (11th Cir. 2017) ("[W]e are not persuaded that [*Kingsley's*] holding extends to claims of inadequate medical treatment due to deliberate indifference."); *Alderson v. Concordia Par. Corr. Fac.*, 848 F.3d 415, 420 (5th Cir. 2017) (declining to follow *Castro*, stating, "the Fifth Circuit has continued to . . . apply a subjective standard post-*Kingsley*" to pretrial detainees' conditions of confinement claims); *Guy v. Metro. Gov't of Nashville & Davidson Cty.*, — F. App'x —, 2017 WL 1476896, at *3-5 (6th Cir. Apr. 25, 2017) (analyzing pretrial detainee's inadequate medical care under Eighth Amendment's subjective standard, while recognizing

or declined to address the issue on the facts before them.[4]

Under either formulation of the deliberate indifference test, however, Gonda fails to state a plausible claim against Dr. Pedri under § 1983. Negligent conduct alone does not state a constitutional claim for relief under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 329 30 (1986); *Ah Cheung v. Sequeira*, 2017 WL 3431586, at *4 (D. Haw. Aug. 8, 2017) (finding that a prisoner failed to state a claim for deliberate indifference in connection with a simple slip and fall claim). Deliberate indifference, whether alleged under the Eighth or Fourteenth Amendment, is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" *Farmer*, 511 U.S. at

---

*Kingsley*'s application to excessive force claims).

[4] *See Collins v. Al-Shami*, 851 F.3d 727, 731 (7th Cir. 2017) ("[W]e have not yet addressed whether [*Kingsley*'s] reasoning extends to claims of allegedly inadequate medical care . . . . We need not (and do not) resolve that issue here, however, as even under the less-demanding standard, Collins's federal claims still cannot succeed."); *Ryan v. Armstrong*, 850 F.3d 419, 425 (8th Cir. 2017) (declining to decide *Kingsley*'s applicability to pretrial detainees' deliberate indifference claims).

835 (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)).

Dr. Pedri accurately diagnosed and treated Gonda for his injuries and apparently recommended further treatment for his orbital tripod injury. Although Pedri said that he would issue Gonda a "No Top Bunk" memorandum, this did not happen. Apparently the memorandum was either forgotten or lost. Nothing suggests that Dr. Pedri acted purposely, with deliberate indifference or reckless disregard to Gonda's medical needs and safety when he failed to ensure that the "No Top Bunk" memorandum was issued and distributed at OCCC. At most, these facts suggest negligence. Gonda fails to state a plausible claim for deliberate indifference under § 1983 against Dr. Pedri and this claim is DISMISSED.

### 3. *Count VI: Sergeant Kuresa*

Gonda returned to his housing unit after Dr. Pedri treated him. ECF No. 9, PageID #42 43. On May 1, 2017, Sergeant Kuresa moved Gonda to the top bunk in a new cell, despite Gonda's obvious injuries (as

14

evidenced by Gonda's cast and arm sling).  Kuresa
allegedly moved Gonda to the top bunk because Gonda's
roommate needed a lower bunk for his own medical
concerns and Gonda had not been issued a "Top Bunk"
memorandum.  *Id.*  The next morning, May 2, 2017, Gonda
tripped while climbing from the top bunk.  Gonda was
unable to prevent the fall because of his cast and
sling, and he incurred further injuries to his face and
arm.

"Deliberate indifference is a high legal standard."
*Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004).
To be deliberately indifferent, a "prison official must
not only 'be aware of the facts from which the
inference could be drawn that a substantial risk of
serious harm exists,' but that person 'must also draw
the inference.'"  *Id.* at 1057 (quoting Farmer, 511 U.S.
at 837).  "'If a prison official should have been aware
of the risk, but was not, then the official has not
violated the [Constitution], no matter how severe the
risk.'"  *Id.* (quoting *Gibson v. Cty. of Washoe*, 290

F.3d 1175, 1188 (9th Cir. 2002)); *DeMonte v. Griffith*,

2017 WL 3720048, at *3 (E.D. Cal. Aug. 29, 2017).

The facts alleged here are sufficient to show that

Kuresa was deliberately indifferent to Gonda's serious

medical needs under either standard.  Objectively,

Gonda had a serious, obvious medical condition.  Kuresa

either subjectively disregarded Gonda's injuries in

favor of the other inmate's needs, or he objectively

failed to take reasonable measures to mitigate the

conditions that put Gonda at substantial risk of

serious harm.  The court need not determine which

standard applies at this stage of these proceedings,

however.  Gonda states a claim under § 1983 against

Sergeant Kuresa, and Count VI shall be served on him.

### 4.  *Count VII:  Dr. Banner*

Gonda's claims against Dr. Banner remain unclear

because Gonda still fails to explain Dr. Banner's

connection to his claims.  Gonda simply reiterates

claims from the previous counts, complains that he did

not receive surgery for his orbital tripod fracture for

twenty nine days after his injury, and concludes that

Dr. Banner was either deliberately indifferent or negligent.  Gonda does not state when he saw Dr. Banner, what Dr. Banner diagnosed or prescribed for his injury, or how Dr. Banner delayed or interfered with his treatment.  Gonda's vague and conclusory allegations are insufficient to state a plausible claim against Dr. Banner, and Count VII is DISMISSED.

## C.  Supplemental State Claims: Negligence

In Hawaii, to establish a defendant's liability for negligence, a plaintiff must prove (1) the existence of a duty recognized by the law that the defendant owed to the plaintiff; (2) a breach of the duty; (3) that the defendant's breach was the legal cause of the plaintiff's harm; and (4) actual damages.  *See, e.g.*, *O'Grady v. State*, 140 Haw. 36, 398 P.3d 625, 632 (2017), *as amended* (June 22, 2017) (citing *Doe Parents No. 1 v. Dep't of Educ.*, 100 Haw. 34, 68, 58 P.3d 545, 579 (2002)).

Gonda states plausible supplemental state law claims for negligence against Dr. Pedri and Sergeant Kuresa, and those claims may be served.

17

## III.  **LEAVE TO AMEND**

The First Amended Complaint is DISMISSED in part, with leave to amend as limited above.  Gonda may file an amended complaint on or before **October 6, 2017,** that cures his claims' deficiencies.  Gonda must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Hawaii if he elects to amend his pleading. Local Rule LR10.3 requires that an amended complaint be complete in itself without reference to any prior pleading.  Any amended complaint must be short and plain and comply with Rule 8 of the Federal Rules of Civil Procedure and will generally supersede the preceding complaint.  *See Ramirez v. Cty. of San Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey*, 693 F.3d at 928.  Any amended complaint must be submitted on the court's prisoner civil rights form. LR99.7.10.

**IN THE ALTERNATIVE:**

Gonda may elect to stand on the claims in his First Amended Complaint that are deemed cognizable in the present Order. If that is what he chooses to do, he need not submit any amended complaint, but must notify this court of his choice in writing on or before **October 6, 2017.** On receipt of such written notification, or if Gonda fails to timely submit an amended complaint or such notification, the court will order the U.S. Marshal to serve the First Amended Complaint on Defendants Scott Recarte, Henry Moe, Matthew Kuresa, John Doe, and Dr. Pedri without further notice.

## IV. JOHN DOE DEFENDANT

Although Doe pleading is generally disfavored, *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), a plaintiff should be given the opportunity to identify Doe Defendants through the discovery process, unless it is clear that discovery would not uncover their identity, or the complaint should be dismissed for other reasons. *See Wakefield v. Thompson*, 177 F.3d

1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d
at 642).

Gonda is proceeding in forma pauperis and is
entitled to service of his Complaint by the U.S.
Marshal Service.  However, the Marshal cannot serve an
unknown Doe Defendant.  *See Walker v. Sumner*, 14 F.3d
1415, 1422 (9th Cir. 1994) (stating that the plaintiff
is required to "furnish the information necessary to
identify the defendant" before the U.S. Marshal can
effect service under Rule 4).  Once Gonda's Amended
Complaint is served, he may use the discovery process
to identify John Doe.  Gonda is then responsible for
notifying the court about John Doe's identity and
moving to substitute a named defendant in his place.
He is cautioned that "authorities clearly support the
proposition that John Doe defendants must be identified
and served within [90] days of the commencement of the
action," and may be dismissed for failure to effect
service after that time, unless good cause is shown for

the failure to timely serve them.[5] *Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (N.D. Ill. 1995) (citations omitted); Fed. R. Civ. P. 4(m) & 15(c)(1).

## V. CONCLUSION

(1)  The First Amended Complaint is DISMISSED IN PART.  Specifically, claims against all Defendants in their official capacity are DISMISSED with prejudice (meaning these claims may not be reasserted in an amended complaint); *all* claims against Dr. Richard Banner, and those claims against Dr. Pedri that assert deliberate indifference are DISMISSED without prejudice (meaning deficiencies in these claims may be cured by Gonda in an amended complaint).

(2)  Gonda plausibly states a claim against Defendants Scott Recarte, Henry Moe, John Doe, and Matthew Kuresa under 42 U.S.C. § 1983.  Gonda also plausibly asserts state law negligence claims against

---

[5] In prisoner cases, service is generally not required until 90 days after the court screens the complaint, finds that it states a claim, and directs the U.S. Marshal or prisoner to effect service. *See e.g.*, *Long v. Does*, 2016 WL 3983226, at *4 (D. Haw. July 25, 2016); *Warren v. Ruffcorn*, 2001 WL 34043449, at *3 (D. Or. Sept. 18, 2001).

21

Dr. Pedri and Matthew Kuresa.  These claims may proceed and be served.

(3)  On or before **October 6, 2017,** Gonda may either file an amended complaint curing the deficiencies in his claims that are dismissed without prejudice, **OR** he may notify the court in writing that he will stand on the plausible claims defined by this Order.  If Gonda fails to timely accomplish either option, the court will order the U.S. Marshal to serve the First Amended Complaint as limited on Defendants Scott Recarte, Henry Moe, John Doe, Dr. Pedri, and Sergeant Matthew Kuresa.

(4)  The Clerk is DIRECTED to send Gonda a blank prisoner civil rights complaint form so that he may amend his claims to comply with the directions in this Order, if he chooses.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 15, 2017.



_/s/ Susan Oki Mollway_
Susan Oki Mollway
United States District Judge

*Gonda v. Recarte*, 1:17 cv 00 SOM RLP; Scrng '17 Gonda 17 292 som (FAC)